IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLOYD E. STUCKEY,
Plaintiff,

v. ) Civil Action No. 04-1463

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

MEMORANDUM JUDGMENT ORDER

AND NOW, this 13th day of January, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for DIB on May 20, 2002, alleging disability beginning February 3, 2002, due to heart disease. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on August 20, 2003, at which plaintiff appeared represented by counsel. On September 26, 2003, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's subsequent request for review on July 23, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 52 years old at the time of the administrative hearing and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §404.1563(d). Plaintiff has an eleventh grade education. Plaintiff has past relevant work experience as a mill laborer, but he has not engaged in substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the



AO 72A
(Rev.8/82)

meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of obstructive airways disease and coronary artery disease status post stenting twice and an ICD implant, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work that does not involve lifting more than 20 lbs. occasionally and 10 lbs. repetitively. In addition, plaintiff requires work that allows him to alternate sitting and standing in one hour intervals, that involves sitting or walking for a total of six hours each per day and that involves standing only four hours per day. Further, plaintiff is precluded from work that involves climbing more than two flights of stairs at one time, and he is limited to occasional stooping, kneeling, crawling, climbing and balancing. Finally, plaintiff must avoid work that involves magnets or magnetic fields (collectively, the "RFC Finding"). As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a hand



AO 72A
(Rev.8/82)

packager, assembler or cashier with a sit/stand option. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step,



AO 72A
(Rev.8/82)

further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ's hypothetical question to the vocational expert did not include all of plaintiff's limitations; and (2) the ALJ's decision was not based on substantial evidence because plaintiff cannot perform the other jobs identified by the ALJ. Both of plaintiff's arguments lack merit.

Plaintiff's first argument relates to the ALJ's hypothetical to the vocational expert. Plaintiff claims that the ALJ erred by discounting the vocational expert's testimony in response to a



AO 72A
(Rev.8/82)

hypothetical that included a limitation regarding plaintiff's claimed need to rest or nap for one to two hours in the afternoon. The vocational expert responded that there would not be any jobs in the national economy that an individual with such a limitation could perform.

An ALJ's hypothetical to a vocational expert must include all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the hypothetical that the ALJ relied upon incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. Nonetheless, according to plaintiff, the hypothetical should have included the limitation concerning plaintiff's claimed need to take afternoon rest breaks. However, as observed by the ALJ in his decision, neither Dr. Walter Paladino nor Dr. Paul Wawrzynski, both of whom were plaintiff's treating cardiac specialists, advised that he should rest for several hours each afternoon. Neither of the doctor's respective treatment records indicate that plaintiff complained of fatigue or that he needed daily naps. (R. 220-74, 293-96, 299-302). The objective medical evidence of record does not support plaintiff's claimed limitation regarding an afternoon rest period. Therefore, the court finds that the ALJ's hypothetical to the vocational expert set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated



AO 72A
(Rev.8/82)

into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

Plaintiff's second argument is that the ALJ's decision was not based on substantial evidence. On this point, plaintiff contends that he cannot perform the jobs of hand packager, assembler or cashier with a sit/stand option, which were identified by the vocational expert and upon which the ALJ relied in finding that plaintiff is not disabled. Plaintiff argues that those jobs, as described in the Dictionary of Occupational Titles ("DOT"), cannot be performed by someone like plaintiff who is limited to occasional stooping, as well as standing four hours per workday.

Contrary to plaintiff's position, the vocational expert identified the jobs of hand packager, assembler and cashier with a sit/stand option in response to a hypothetical that included all of the factors that were the basis of the RFC Finding, including the restriction on stooping and standing. The vocational expert testified that the jobs he identified were consistent with the description in the DOT. Therefore, the ALJ's step 5 finding that alternative jobs exist in the national economy that plaintiff can perform notwithstanding his limitations is based on substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ



AO 72A
(Rev.8/82)

determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Norman J. Barilla, Esq.
Barilla Shaw, LLC
111 West Sheridan Avenue
New Castle, PA 16105

Paul E. Skirtich
Assistant U.S. Attorney
Suite 400, U.S.P.O & Courthouse
Pittsburgh, PA 15219



AO 72A
(Rev.8/82)